## Leah de St. Croix, *Widow*, &c. *against* J. Sands. Same *against* Jackson.

In an action of dower, *unde nihil habet*, the tenant must appear and plead, on the *quarto die post*, in the term in which the *summons* is returned, otherwise, his default may be entered. The plea of *non-summons* must be verified by affidavit before it can be received, and be put in on the *quarto die post;* or it will be too late at the next term.

THESE were actions to recover *dower*. *P. W. Radcliff*, for the demandant, on the return of the *Grand Cape*, moved that the tenants should be called to save their defaults, that final judgment should be entered up against them, and writs of seizin and inquiry be awarded.

*D. B. Ogden*, for the tenants, thereupon moved, that the defaults entered at the last term, should be set aside ; so that the tenants might now come in and plead. These being cross motions, the court said they would hear that of the tenants first.

It appeared that the writs of dower *unde nihil habet*, were returnable on the second *Tuesday* of *February* last, at which time the tenants neglected to appear, and a default was entered, and the *Grand Cape* issued. *Malcolm* had given notice to the demandant's attorney, of being concerned for the tenants ; but had neglected to enter their appearance at *February* term.

*Colden*, on the same side. By the *English* practice, in the prosecution of writs of right, the tenant may come in, at the return of the *Grand Cape*, and save his default, by casting his *essoigns*, and on making his excuse, his appearance may be entered.† *Essoigns* by our law are abolish-

† *Booth* on Real Actions, p. 21, 24.

ed.  It would be an extremely rigorous practice to exclude
the party from appearing, after a simple default, when in
ordinary suits, defaults are every day set aside upon affi-
davits.

<div style="float:right; text-align:center">NEW-YORK,<br>May, 1806.<br><br>St. Croix<br>v.<br>Sands.</div>

*Riggs*, in reply.  The affidavits read on the part of the
tenants are insufficient.  The notice given to the demand-
ant's attorney, was merely that they had retained an attor-
ney ; still they were bound to appear on the *quarto die post*,
in *February* term.  The object of the writ of *Grand Cape*,
is to give the tenant an opportunity of offering some legal
excuse for not appearing.  These *legal* excuses, are fixed
and specific ; they are enumerated in *Booth*,§ such as want § Real actions,
of summons, imprisonment, inundation, tempest, &c.  Com- 24.
mon excuses are not sufficient.  In this case, no legal ex-
cuse whatever is shewn.  It is merely a neglect which would
not avail in a common suit ; and in this action the tenants
are entitled to no particular favour.

*Colden* then offered pleas of *non summons*.

*P. W. Radcliff* objected to receiving the pleas of *non sum-
mons*, as the parties had been summoned on the original
writ, and their default entered.

KENT, C. J.  Cannot the tenant plead *non summons* ?

*P. W. Radcliff.*  He can *wage his law*, for; though abolished
in all other cases, it is expressly saved by the statute, in that
of *non summons* in real actions.†  But *wager of law*, must † Laws of N. Y.
be in person,‡ and a plea of *non summons*, like a plea in a- vol p. 357.
batement, must be verified by affidavit.                     ‡ Booth 24.

*Colden.*  The tenant in waging his law, upon *non sum-
mons*, must have eleven persons with him to swear they
believe what the tenant swears to be true,§ and we want a § Booth 26.
day given to us for that purpose.

*Riggs.*  The tenant must appear and make his oath on
the *quarto die post* ; and then a day may be given him
to bring his *compurgators.*  This being a dilatory plea, it
must, according to the statute, be verified by affidavit,
when offered to the court, and before it can be received.

*Per Curiam.*  The tenant has shewn nothing to the court,
to excuse his default.  The plea cannot be received unless

NEW YORK, verified by affidavit, and this should have been done on the
May, 1806. *quarto die post.* The demandant must have the effect of
her motion.

Overseers of
Newburgh
*v.*
Overseers of
Plattekill.

Judgment for the demandant.